IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
DON H. LEE,                        )    2:05-cv-2626-GEB-KJM-PS
                                   )
               Plaintiff,          )
                                   )
     v.                            )    ORDER
                                   )
COUNTY OF EL DORADO;               )
GAYLE ERBE-HAMLIN;                 )
HENRY BRZEZINSKI;                  )
DEBORAH BURGE;                     )
and DOES 1 THROUGH 25,             )
                                   )
               Defendants.         )
_____)
```

        On December 29, 2005, Plaintiff filed an application for a temporary restraining order ("Pl.'s Application") seeking (1) the return of two dogs Plaintiff argues Defendants have unconstitutionally seized in connection with a state court proceeding, and (2) to restrain Defendant County of El Dorado from prosecuting this state court proceeding in which an issue is whether the dogs are vicious. (Pl.'s Application at 2.) Defendants oppose Plaintiff's application on abstention grounds.[1]

---

[1] Defendants' position need not be reached because of the ruling herein.

1

The standard for granting a temporary restraining order is similar to the standard for granting a preliminary injunction. Cf. Los Angeles Unified Sch. Dist. v. U.S. Dist. Ct. for Cent. Dist. of Cal., 650 F.2d 1004, 1008 (9th Cir. 1981) (standard for preliminary injunction is at least as strict as that for a TRO) (Ferguson, J., dissenting). To obtain a preliminary injunction, the moving party must show "either: (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips in [its] favor." Preminger v. Principi, 422 F.3d 815, 823 (9th Cir. 2005); Oakland Tribune, Inc. v. Chronicle Pub. Co., Inc., 762 F.2d 1374, 1376 (9th Cir. 1985). The alternative formulations do not constitute two separate tests, but rather "represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Miller v. Cal. Pac. Med. Ctr., 19 F.3d 449, 456 (9th Cir. 1994). However, "[u]nder any formulation of the test, [the moving party] must demonstrate that there exists a significant threat of irreparable injury." Oakland Tribune, 762 F.2d at 1376; Dollar Rent A Car of Washington, Inc. v. Travelers Indem. Co., 774 F.2d 1371, 1374 -75 (9th Cir. 1985) ("An essential prerequisite to the granting of a preliminary injunction is a showing of irreparable injury to the moving party in its absence.")

Plaintiff argues he will suffer irreparable harm if his dogs are not returned because he "loves and deeply misses his dogs," his dogs "have been traumatized," and "[t]heir health is at risk." (Pl.'s Application at 17.) Plaintiff declares that one of his dogs "has a medical condition called 'cell mass carcinonma,'" which requires her skin to be checked weekly. (Lee Decl. ¶ 29.) Plaintiff

asserts he has "not been allowed to inspect her skin for more than six (6) weeks" and he "fear[s] that this problem has not been properly monitored." (Id.)  In addition, Plaintiff declares that his other dog "is required to be on daily doses of the antibiotic 'Amoxicillin.'" (Id. ¶ 30.)  Plaintiff asserts he has "not been allowed to give him antibiotics for more than six (6) weeks" and he "fear[s] that this problem has not been properly monitored." (Id.)  Plaintiff contends his dogs "may very well be dead" if they are not returned to him before the commencement of the state court proceeding on February 10, 2005.[2]  (Pl.'s Application at 17.)

   Plaintiff's asserted bond with his dogs does not demonstrate that without their return he will suffer immediate irreparable emotional harm.  See Chalk v. U.S. Dist. Court Cent. Dist. of Cal., 840 F.2d 701, 710 (9th Cir. 1988) (immediate, severe emotional and physiological distress constitutes irreparable harm) Ray v. School Dist. of DeSoto County, 666 F. Supp. 1524, 1534 (M.D. Fla. 1987) (severe emotional distress resulting in a physiological disorder constitutes irreparable harm).  Further, Plaintiff's "fears" that his dogs have not been properly monitored and that his dogs "may" be dead if they are not returned are too speculative to establish a significant threat of irreparable injury. Garcia v. Warden, 2005 WL 2001098, *1 (E.D. Cal. 2005) ("fear . . . is speculative and does not does not constitute irreparable harm"); Thomas v. Hoehne, 2005 WL

---

[2]  Plaintiff argues his dogs will suffer "needless incarceration" and "unfounded misery" due to the commencement date of the state court proceeding.  (Pl.'s Application at 17.)  However, the state court proceeding was originally scheduled for December 16, 2005, and was rescheduled only after Plaintiff "waive[d] his right" to an earlier hearing date and requested a continuance in order to conduct discovery. (Pl.'s Req. for Judicial Notice, Ex. 3.)

2487947, *2 (W.D. Mich. 2005) ("Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant."); <u>Taylor v. Conn. Dept. of Corr.</u>, 2005 WL 2644974, *1 (D.R.I. 2005) ("unsubstantiated fear, speculation and subjective apprehension . . . cannot establish an immediate threat of immediate, irreparable harm").  Therefore, Plaintiff has not demonstrated he will suffer irreparable injury if his dogs are not immediately returned to him.

In addition, Plaintiff argues that he will suffer irreparable harm if Defendant County of El Dorado is not restrained from prosecuting the state court proceeding because that proceeding "is entirely tainted . . . ."  (Pl.'s Application at 17.)  However, Plaintiff fails to explain why the state court forum is not adequate to redress the harm he fears he will suffer.  Therefore, Plaintiff's conclusory allegation is insufficient to establish a significant threat of irreparable injury.  <u>Oakland Tribune</u>, 762 F.2d at 1377 (conclusory statements by an interested party do not establish irreparable injury).

Therefore, Plaintiff's application for a temporary restraining order is denied.

IT IS SO ORDERED.

Dated:  January 5, 2006

<u>/s/ Garland E. Burrell, Jr.</u>
GARLAND E. BURRELL, JR.
United States District Judge